```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA
                CASE NO. 1:09-cv-23857
```

BADIA SPICES, INC.,                          )
a Florida corporation,                       )
                                             )
    Plaintiff/CounterDefendant,             )
                                             )
      vs.                                    )
                                             )
LISY CORP.,                                  )
a Delaware corporation,                      )
                                             )
    Defendant/CounterPlaintiff.              )
                                             )
_____)

## STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, Plaintiff, Badia Spices, Inc. ("Plaintiff") and Defendant, Lisy Corp.("Defendant") (hereinafter referred to individually as "party" and collectively as "parties"), hereby stipulate to the following Protective Order:

1. In connection with the discovery proceedings in this action, the parties may designate any document, thing, testimony or other information derived therefrom, as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" under the terms of this Stipulated Protective ORDER (hereinafter "ORDER").

2. CONFIDENTIAL MATERIAL is defined as information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, type and volume of sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any

persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

    3.   ATTORNEY'S EYES ONLY MATERIAL is defined as trade secrets or competitively sensitive information the current disclosure of which to a competitor would be materially adverse to the disclosing party.

    4.   CONFIDENTIAL MATERIAL shall be designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover or any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. The same procedure shall be used for ATTORNEY'S EYES ONLY MATERIAL. Any claim of confidentiality shall be made at the time the document or copy is produced. If, at the time of disclosure, a disclosing party inadvertently fails to mark a document which it considers to contain CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL, the disclosing party may give written notice to the receiving party of the confidential nature of the document, the receiving party shall treat the document as confidential from the date of notice onward. A claim of confidentiality must be made in good faith.

    5.   Testimony taken at a deposition, conference, hearing, or trial may be designated as CONFIDENTIAL MATERIAL or ATTORNEY'S EYES

ONLY MATERIAL by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.  The testimony and the transcript of that testimony are to be treated as confidential until thirty (30) days after receipt of the transcript by counsel for the disclosing party.  At that time, the transcript, to the extent not designated as CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL in a writing served on other counsel, shall be considered non-confidential.

   6. Material designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY under this ORDER, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

   7. CONFIDENTIAL MATERIAL produced pursuant to this ORDER may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action; and

(d) any other person as to whom the parties in writing agree.

8. ATTORNEY'S EYES ONLY MATERIAL, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" listed in subparagraphs 7(b) through (d) above, except as noted herein, and shall not be disclosed to a party, or to an officer, director, agent or employee of a party, unless otherwise agreed to in writing or Ordered by the Court. If disclosure of ATTORNEY'S EYES ONLY MATERIAL is made pursuant to this paragraph, all other provisions in this ORDER with respect to confidentiality shall also apply. Further, if a party designates one of its officers, directors, agents or employees, as an expert or consultant, that expert or consultant is not entitled to have access to ATTORNEY'S EYES ONLY MATERIAL. In no event shall a party designate a competitor of either party as an expert or consultant.

9. Any person not employed by or affiliated with a party who is expressly retained by a party to assist in the preparation of

the above-referenced action must agree in writing to be bound by this ORDER and each party must promptly provide all other parties with copies of any such written agreements without awaiting a formal request at least ten (10) days prior to the disclosure of any CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL to such individual.

10. The parties agree to waive any right that they themselves, but not their outside counsel, be present during any part of a deposition when it is anticipated or represented that ATTORNEY'S EYES ONLY MATERIAL will be disclosed. Only persons authorized to receive ATTORNEY'S EYES ONLY MATERIAL may attend the portions of the depositions pertaining to such information, unless the parties expressly agree to waive this stipulation. Except as provided herein, depositions may be taken in the presence of any persons, but any party may request that non-qualified persons leave the room for responses containing CONFIDENTIAL MATERIAL.

11. All documents, information, or testimony filed with the Court by either party to this action which have previously been designated by the disclosing party as being CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL, and all items which reveal the content of such documents, information, and testimony, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the following:

<u>CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER ENTERED ON [Date of Entry of ORDER]</u>

along with an indication as to the contents of such sealed envelope

or other container and filed under seal until further ORDER of this Court.

12. In the event any CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use.

13. If any documents, information, or testimony are claimed to be CONFIDENTIAL or ATTORNEY'S EYES ONLY by a disclosing party, but are not believed to be CONFIDENTIAL or ATTORNEY'S EYES ONLY by the discovering party which receives them, the receiving party shall notify the disclosing party in writing and request a release of confidentiality. If such release is not forthcoming in writing within ten (10) days, the receiving party may apply to the Court for an ORDER requiring the release of confidentiality.

14. This ORDER shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information qualifies as CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL or whether its use should be restricted or (ii) to present a motion to the Court under Fed.R.Civ.P. 26(c) for a separate protective ORDER as to any particular document or information, including restrictions differing from those as specified herein. This ORDER shall not be deemed to prejudice the parties in any way in any future application for modification of this ORDER.

15. This ORDER is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this ORDER nor the production of any information or document under the terms of this ORDER nor any proceedings pursuant to this ORDER shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16. This ORDER shall not restrict the right of any party to publish, disseminate or otherwise release any document that it has produced or designated.

17. This ORDER shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL and all copies of same, or shall certify the destruction thereof. In addition, counsel for the parties shall delete all electronic documents designated as CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL and shall

certify the deletion thereof.

**DONE AND ORDERED** in Chambers at Miami, Florida this _____ day of _____, 2010

_____
Honorable Joan A. Lenard
United States District Judge

SO STIPULATED:

| | |
|---|---|
| By: s/Meredith Frank Mendez<br>John Cyril Malloy, III<br>Florida Bar No. 964,220<br>jcmalloy@malloylaw.com<br>Meredith Frank Mendez<br>Florida Bar No. 502,235<br>mmendez@malloylaw.com<br>MALLOY & MALLOY, P.A.<br>2800 S.W. Third Avenue<br>Miami, Florida 33129<br>Telephone (305) 858-8000<br>Facsimile (305) 858-0008<br><br>Attorneys for Plaintiff/<br>CounterDefendant<br><br>Dated: June 28, 2010 | By: s/Michael D. Porter<br>Richard E. Mitchell<br>rmitchell@gray-robinson.com<br>Karen L. Stetson<br>kstetson@grayrobinson.com<br>Michael D. Porter<br>mporter@gray-robinson.com<br>GRAYROBINSON, P.A.<br>1221 Brickell Ave.<br>Suite 1600<br>Miami, Florida 33131<br>Telephone: (305) 416-6880<br>Facsimile: (305) 416-6887<br><br>and<br><br>Mitchell C. Stein<br>mstein@sandw.com<br>SULLIVAN & WORCESTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:(212) 660-3000<br>Facsimile:(212) 660-3001<br><br>Attorneys for Defendant/<br>CounterPlaintiff<br><br>Dated: June 28, 2010 |

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                       CASE NO. 1:09-cv-23857
```

BADIA SPICES, INC.,                          )
a Florida corporation,                       )
                                             )
            Plaintiff,                       )
                                             )
     vs.                                     )
                                             )
LISY CORP.,                                  )
a Delaware corporation,                      )
                                             )
                                             )
            Defendant.                       )
_____)

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 28, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                                  By: s/Meredith Frank Mendez
                                                      Meredith Frank Mendez

**SERVICE LIST**

BADIA SPICES, INC. v. LISY CORP.

Case No.: 1:09-cv-23857
United States District Court, Southern District of Florida

John Cyril Malloy, III
jcmalloy@malloylaw.comU
Meredith Frank Mendez
mmendez@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008

Attorneys for Plaintiff
Notices of Electronic Filing
generated by
CM/ECF

Richard E. Mitchell, Esq.
rmitchell@gray-robinson.com
Karen L. Stetson, Esq.
karen.stetson@gray-robinson.com
Michael D. Porter, Esq.
mporter@gray-robinson.com
GRAYROBINSON, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

Local Counsel for Defendant
Notices of Electronic Filing
generated by
CM/ECF

and

Mitchell C. Stein, Esq.
mstein@sandw.com
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:(212) 660-3000
Facsimile:(212) 660-3001

Lead Trial Counsel for Defendant
Notices of Electronic Filing
generated by
CM/ECF